UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JUDY CHU COYUKIAT,

                Plaintiff,

-against-

STRYKER CORPORATION, et al.,

                Defendants.

**ORDER**

21-CV-02046 (PMH)

PHILIP M. HALPERN, United States District Judge:

On March 10, 2021, Defendants Howmedica Osteonics Corp., Stryker Corporation, and Stryker Sales Corporation (collectively, "Defendants") filed a Notice of Removal seeking removal of this action from the Supreme Court of the State of New York, County of Rockland, to this Court. (Doc. 1, "Not. of Removal"). For the reasons below, this matter is REMANDED to the Supreme Court of the State of New York, County of Rockland.

## BACKGROUND

On or about October 30, 2020, Plaintiff Judy Chu Coyukiat ("Plaintiff") filed a Complaint commencing this action against Defendants in the Supreme Court of the State of New York, County of Rockland. (*See* Not. of Removal ¶ 1; Doc. 1-1, "Compl." ¶¶ 1-11). Plaintiff alleged that she was injured after a screw designed, manufactured, and distributed by Defendants implanted into her body caused a fracture in her hip. (Compl. ¶¶ 12-21).

Defendants represent that they were "served with the Complaint via their agent for service of process" on or about February 8, 2021. (Not. of Removal ¶ 2). Defendants removed this action from state court "pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 . . . ." (*Id.* ¶ Recital). Defendants argue that this Court may exercise subject-matter jurisdiction over this dispute because: (1)

complete diversity between the parties exists (*id*. ¶ 5); and (2) "upon information and belief, the damages sought by Plaintiff will exceed $75,000 . . . ." (*id*. ¶ 6).

## ANALYSIS

Under 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . ." 28 U.S.C. § 1441(a). "The [federal] district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—(1) citizens of different States." 28 U.S.C. § 1332(a). "The Supreme Court has held that the party asserting diversity jurisdiction in federal court has the burden of establishing the existence of the jurisdictional amount in controversy." *Villafana v. So*, No. 13-CV-180, 2013 WL 2367792, at *1 (S.D.N.Y. May 29, 2013) (quoting *Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269, 273 (2d Cir. 1994)). While a defendant need not "prove the amount in controversy to an absolute certainty," the defendant "has the burden of proving that it appears to a reasonable probability that the claim is in excess of the statutory jurisdictional amount." *Id*. (quoting *Mehlenbacher v. Akzo Nobel Salt, Inc.*, 216 F.3d 291, 296 (2d Cir. 2000)). "[I]f the jurisdictional amount is not clearly alleged in the plaintiff's complaint, and the defendants' notice of removal fails to allege facts adequate to establish that the amount in controversy exceeds the jurisdictional amount, federal courts lack diversity jurisdiction as a basis for removing the plaintiff's action from state court." *Id*. (quoting *Lupo*, 28 F.3d at 273-74).[1]

Plaintiff alleges that Defendants' screw caused her hip to fracture; she claims both physical injury and "pain and suffering." (*See* Compl. ¶¶ 12-21, 30, 39, 48, 55, 62, 70). In an action to

---

[1] Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Nguyen v. FXCM Inc.*, 364 F. Supp. 3d 227, 237 (S.D.N.Y. 2019) (quoting *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006)).

recover damages for personal injuries in New York, a complaint "shall contain a prayer for general relief but shall not state the amount of damages to which the pleader deems himself entitled." N.Y. C.P.L.R. § 3017(c). Consequently, Plaintiff does not identify a specific sum of money, and alleges only that she "has sustained, and will in the future sustain physical injuries and pain and suffering for which [she] is entitled to compensatory damages in an amount which will be proven at trial . . . ." (Compl. ¶ 30; *see also id*. ¶¶ 39, 48, 55, 62, 70). Where, as here, removal of a civil suit from state court to federal court is premised on 28 U.S.C. § 1332(a) and "[s]tate practice . . . does not permit demand for a specific sum," removal is proper only "if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds [$75,000]." 28. U.S.C. § 1446(c)(2). The Court can make no such finding here.

The Complaint claims that the screw caused a fracture and that Plaintiff suffered (and continues to suffer) pain. (*See* Compl. ¶¶ 12-21, 30, 39, 48, 55, 62, 70). Defendants repeat Plaintiff's allegations and state in conclusory fashion that, "upon information and belief, the damages sought by Plaintiff will exceed $75,000, and the amount in controversy requirement of 28 U.S.C. § 1332 has been satisfied." (Not. of Removal ¶ 6).[2] As federal courts are instructed to "construe the removal statute narrowly, resolving any doubts against removability," *Lupo*, 28 F.3d at 274 (quoting *Somlyo v. J. Lu-Rob Enters., Inc.*, 932 F.2d 1043, 1046 (2d Cir. 1991)), such a conclusory statement that the amount in controversy must exceed $75,000 is insufficient for the Court to determine by a preponderance of the evidence that the jurisdictional threshold of 28

---

[2] Defendants were not bound to rely on Plaintiff's allegations. Under New York law, Defendants were permitted to "at any time request a supplemental demand setting forth the total damages to which the pleader deems himself entitled." N.Y. C.P.L.R. § 3017(c). "Rather than prematurely removing the action to this Court, [Defendants] should have availed [themselves] of the appropriate statutory provision" and sought specific information from Plaintiff about the damages pursued. *Hughes v. Target Corp.*, No. 17-CV-3548, 2017 WL 2623861, at *2 (E.D.N.Y. June 15, 2017).

U.S.C. § 1332(a) has been met. *See Brown v. NutriBullet, LLC*, No. 19-CV-5421, 2019 WL 5287960, at *2 (E.D.N.Y. Oct. 18, 2019) (alleging that the amount in controversy exceeds $75,000 upon information and belief, without more, is insufficient); *Villafana*, 2013 WL 2367792, at *2; *Sailer v. Responsive Trucking, Inc.*, No. 12-CV-4822, 2012 WL 4888300, at *2 (S.D.N.Y. Oct. 15, 2012); *see also Daversa v. Cowan Equip. Leasing, LLC*, No. 20-CV-163, 2020 WL 967436, at *3 (E.D.N.Y. Feb. 28, 2020); *Hughes*, 2017 WL 2623861, at *2 ("Such a barebones, general pleading does not suffice to establish that this action involves an amount in controversy adequate to support federal diversity jurisdiction.").

## **CONCLUSION**

Based upon the foregoing, the Court concludes that—even if it assumes the existence of complete diversity—Defendants failed to satisfy their burden of establishing that the amount in controversy exceeds $75,000. Removal is therefore improper. Accordingly, this action is REMANDED to the Supreme Court of the State of New York, County of Rockland. The Clerk of the Court is respectfully directed to send a copy of this Order to the Supreme Court of the State of New York, County of Rockland, and to close this action.

All pending matters are hereby terminated.

SO ORDERED:

Dated:   White Plains, New York
         March 15 2021

_____
PHILIP M. HALPERN
United States District Judge